ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S & E 786 ENTERPRISE, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 2:20-cv-06383-SVW-PVC<br><br>Hon. Stephen V. Wilson<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.***<br><br>DEMAND FOR JURY TRIAL |

Plaintiff James Shayler (hereinafter referred to as "Plaintiff") complains of S & E 786 Enterprise, LLC, a California Limited Liability Company, and DOES 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.      PARTIES

1.      James Shayler has gone through multiple knee replacement surgeries. He has a pinched sciatic nerve that runs down his entire left leg, which causes his leg to give out sporadically.  He has spinal arthritis, and experiences severe back pain on a regular basis.  He has difficulty walking and standing, and relies on a cane and walker for mobility.  He also suffered an injury that required surgery, and the surgery left him with very little use of his left arm.  Plaintiff is a California resident with physical disabilities.  Plaintiff is qualified as disabled pursuant to 42 U.S.C. Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, *et seq.* and 52, *et seq.*, and other statutory laws which protect the rights of "disabled persons."  Plaintiff has been issued a Disabled Person Parking Placard by the State of California.

2.      Defendant S & E 786 Enterprise, LLC, a California Limited Liability Company, owned the property ("Property") located at 3300 S. La Cienega Blvd, Los Angeles, CA 90016, at all relevant times.

3.      There is a business establishment on the Property named "Chevron" (hereinafter "the business").

FIRST AMENDED COMPLAINT

4.     DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants.  Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

5.     Plaintiff alleges that Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representative partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants; and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6.     Plaintiff visited the public accommodations owned and/or operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants.

## II.     JURISDICTION & VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA").

3

8.      Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts, and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), and is founded on the facts that the real property which is the subject of this action is located in this district, and that Plaintiff's cause of action arose in this district.

### III.    FACTS

10.     The Property owned by Defendants is a facility which is open to the public and is a business establishment.

11.     Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration, or failed to maintain accessible features in operable working condition.

12.     Plaintiff visited the Property during the relevant statutory period on three (3) separate occasions, in August 2019, December 2019, and January 2020, to patronize the business.

13.     Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

14.     Plaintiff encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property.

15.     Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

16.     However, there was no accessible parking for disabled patrons.  The parking space designated for disabled persons did not comply with the Americans with Disabilities Act ("ADA").

17.     The parking area did not comply with the latest California Building Code ("CBC").

18.     When Plaintiff visited the Property, he experienced access barriers related to parking, signage, and paths of travel.

19.     Plaintiff encountered the following barriers at Defendant's Property:

**VIOLATION of 2010 California Building Code (CBC) § 1114B.1.2; 1991 ADA Standards for Accessible Design (ADAS) § 4.3.2(1).**  (Exterior route of travel.)  An accessible route of travel is not provided to all entrances and portions of the building, and/or between the building and a public way.

**VIOLATION of 2010 CBC § 1114B.1.2; 1991 ADAS §§ 4.3.2(1), 4.1.2(1).** (Transportation – route of travel.)  An accessible route of travel must be provided within the property boundary connecting public transport zones, parking, passenger loading zones, and the public streets or sidewalks they serve, to the building entrance.  There is no accessible route connecting these elements for Plaintiff to travel.  Even the exteriors of the building are not accessible.

**VIOLATION of 2010 CBC § 1129B.4.**  (Off-street unauthorized parking sign.)  Tow-away signs must be posted in a conspicuous place at each entrance to an off-street parking lot (facility), or immediately adjacent to and visible from each designated parking stall (space).  The requisite sign(s) are not posted.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.6.8.** (Abrupt changes in level.)  The path of travel from the space reserved for disabled patrons has an uneven ground surface, with changes in level exceeding one-half inch.  The path of travel from the loading/ unloading access aisle leads into two white traffic obstacles, a stack of crates, and other miscellaneous items.  The path is blocked, forcing Plaintiff to travel over uneven terrain.

FIRST AMENDED COMPLAINT

**VIOLATION of 2010 CBC § 1129B.3.1; 1991 ADAS § 4.6.3; 2010 ADAS § 502.3.** (Loading/unloading access aisle obstructed.) The area where the loading/unloading access aisle (adjacent to the designated accessible parking space) connects to a path of travel is blocked by two white traffic obstacles, a stack of crates, and other miscellaneous items. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car and access the entrance to the business.

**VIOLATION of 2010 CBC § 1129B.3.1.** ("No Parking" – surface sign.) The words "No Parking" were missing from the adjacent loading/unloading access aisle. The words must be painted with letters at least 12 inches high. As a result, non-disabled patrons would park in the loading/unloading access aisle, blocking Plaintiff from being able to use the access aisle.

**VIOLATION of 2010 CBC § 1129B.4; 1991 ADAS § 4.6.4; 2010 ADAS § 502.6.** (Sign missing – accessible parking space.) The requisite sign identifying the designated disabled accessible parking space was missing.

**VIOLATION of 2010 CBC § 1129B.4.** (Sign missing – $250 fine.) The sign warning of the minimum $250 fine for unauthorized parking in the

designated disabled accessible parking space is missing.

**VIOLATION of 2010 CBC § 1127B.1.** (No accessible exterior route.)

There is no accessible path of travel into the building entrances.  There is no

safe way for Plaintiff to travel from the parking area to the entrance of the

Property.  The ground surface is not flush, and the abrupt changes in level

create a tripping hazard.

**VIOLATION of 2010 CBC § 1127B.1; 1991 ADAS § 4.6.2(1).**

(Directional signage.)  There is no directional signage showing an accessible

path of travel.

**VIOLATION of 2010 CBC §§ 1120B.2, 1133B.7.4; 2010 ADAS §§ 302.1,**

**303.3.** (Path from parking – uneven surface.)  The path of travel from the

designated disabled parking space to the entrance has damaged ground that is

uneven.  There are cracks and uneven surfaces on the ground within the path

of travel leading into the entrance.  This makes traveling in this area difficult.

The path of travel from the designated disabled parking space to the entrance

runs into cracks and changes in level greater than one-half inch, but no ramps

are provided.  These changes in level create uneven surfaces.  The transition

FIRST AMENDED COMPLAINT

area between the concrete is not flush, which presents a change in level.

**VIOLATION of 2010 CBC § 1129B.3.1; 2010 ADAS § 502.6; 1991 ADAS § 4.6.3.**  (Marked path of travel.)  There is no marked path of travel from the disabled parking space to the entrance.  There is no safe way for Plaintiff to park there and then travel to the entrance of the Property.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.3.8.**  (Walks/ sidewalks – changes in level.)  The walkway leading into the business does not have a continuous common surface because there are abrupt changes in level of more than one-half inch.  The transition area where the designated disabled loading/unloading access aisle meets the walkway into the business is not flush, and has an abrupt change in level.

**VIOLATION of 2010 CBC § 1133B.7.1.**  (Walk/sidewalk minimum width.) The walk leading into the business did not have a minimum width of forty-eight (48) inches.

**VIOLATION of 2010 CBC § 1129B.1; 1991 ADAS § 4.6.2; 2010 ADAS § 208.3.1.**  (Minimize travel distance.)  The parking space reserved for disabled

FIRST AMENDED COMPLAINT

persons was not located to minimize the travel distance to the entrance.  The parking spaces closest to the entrance of the business were not designated accessible spaces.  The space reserved for disabled persons was located farther.

20.     Plaintiff personally encountered the foregoing barriers.

21.     These inaccessible conditions denied Plaintiff full and equal access, and caused difficulty, humiliation, and/or frustration.

22.     The barriers existed during each of Plaintiff's visits in August 2019, December 2019, and January 2020.

23.     Furthermore, although Plaintiff did not personally encounter all of the following barriers, Plaintiff is informed that the following barriers, which affect access for mobility-impaired cane/walker users like him, remain at the Property:

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.**  (Slope of parking space.)  The parking space reserved for disabled patrons has surface slopes in it that are greater than two percent (2%).

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.**  (Slope of adjacent access aisle.)  The adjacent loading/unloading

FIRST AMENDED COMPLAINT

access aisle for the space reserved for disabled persons has surface slopes in it that are greater than two percent (2%).

**VIOLATION of 2010 CBC § 1129B.1**; **1991 ADAS § 4.1.2(5).**  (Accessible spaces required.)  Where parking is provided, a minimum number of accessible spaces are required in accord with the number of total spaces. They are not provided.  The designated disabled parking space has surface slopes within it greater than two percent (2%); therefore, it is not accessible for disabled patrons such as Plaintiff.

**VIOLATION of 2016 CBC § 11B-305.2; 1991 ADAS § 4.2.4.1; 2010 ADAS § 305.2.**  (Maximum slope of clear floor space.)  The area in front of the air/water machine is not flat, and has surface slopes that exceed two percent (2%).  These changes in level make it difficult for disabled patrons such as Plaintiff to access and use the air/water machine.

**VIOLATION of 2010 ADAS § 302.2.**  (Carpets/ mats.)  Carpets and mats must be securely attached to a stable surface.  Carpeting must be securely attached so that it does not shift or buckle against wheeled traffic.  The mats inside and outside the business are not secure, which can cause rolling and/or

buckling.  Rolling or buckling occurs when a carpet or mat is not properly secured, and makes wheelchair maneuvering very difficult.  It also creates a tripping hazard for those using walkers and/or canes.

**VIOLATION of 2010 CBC § 1118B.1; 1991 ADAS § 4.2.1.**  (Lack of clear floor space.)  The floor space lacks the required clear width of thirty-two (32) inches at multiple points and thirty-six (36) inches continuously.  This is true of product displays, areas around the counter, and interior paths.  Plaintiff cannot get around inside the business because Plaintiff is blocked by product displays.

**VIOLATION of 2010 ADAS § 404.2.8.1.**  (Closing speed of door.)  The restroom door closer is not adjusted so that from an open position of ninety (90) degrees, the time required to move the door to a position of twelve (12) degrees from the latch is five (5) seconds minimum.  The restroom door takes less than five (5) seconds to move from a position of ninety (90) degrees to a position of twelve (12) degrees from the latch.

**VIOLATION of 2010 CBC § 1115B.4.1.3(3.1).**  (Toilet side grab bar – height.)  The toilet side wall grab bar is not attached thirty-three (33) inches

FIRST AMENDED COMPLAINT

above and parallel to the floor as required.  Instead, it is attached thirty-six (36) inches above the floor.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.1.**  (Toilet side grab bar – distance from rear wall.)  The grab bar on the wall to the side of the toilet does not extend at least fifty-four (54) inches from the rear wall, with the front end position a minimum of twenty-four (24) inches in front of the water closet.

**VIOLATION of 2010 CBC § 1115B.4.3.4; 1991 ADAS § 4.19.4.**  (Hot water pipes insulation.)  Hot water pipes and drainpipes are not insulated or covered.

**VIOLATION of 2010 CBC § 1133B.2.5; 1991 ADAS § 4.13.11; 2010 ADAS § 404.2.9.**  (Effort to operate front door.)  The force needed to open the front door is greater than five (5) pounds, making it hard for disabled patrons such as Plaintiff to get inside the main entrance.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.**  (Changes in level of ground surface.)  Within the only loading/unloading access aisle

reserved for disabled patrons, the asphalt is uneven and has a hole from a previous pole that is one (1) inch deep and protrudes above the ground surface level, presenting a significant change in level and a tripping hazard.

**VIOLATION of 2010 CBC § 1133B.5.1; 1991 ADAS § 4.8.1.**  (Ramps.)
The accessible route of travel has surface slopes that are greater than 1:20 (5%), but no ADA compliant ramp is provided.

24.     Plaintiff alleges that Defendants knew that the foregoing architectural barriers prevented access.  Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access, and that the noncompliance with the ADA Accessibility Guidelines and Title 24 of the California Building Code was intentional.

25.     Plaintiff intends to visit the Property again soon.  Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

26.     Defendants have failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities.

27.     Defendants have the financial resources to remove these barriers

14

FIRST AMENDED COMPLAINT

without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers.  The removal of these barriers is readily achievable.  The United States Department of Justice has determined that removal of these types of barriers is readily achievable.

28.     Defendants refuse to remove these barriers.

29.     On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was intentional, because the barriers are logical and obvious. During all relevant times, Defendants had authority, control, and dominion over these conditions; thus, the absence of accessible facilities was not a mishap, but rather an intentional act.

30.     These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's experts and/or access agents.  *See Doran v. 7-ELEVEN, Inc.*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

//

//

//

//

FIRST AMENDED COMPLAINT

## IV. FIRST CAUSE OF ACTION:  VIOLATION OF THE AMERICANS

## WITH DISABILITIES ACT OF 1990

## (42 U.S.C. section 12101, *et seq*.)

(Against All Defendants)

31.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

32.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a).

33.     Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges, or accommodations of Defendants' facility during each visit, and each incident of a deterred visit.

34.     The acts and omissions of Defendants herein were/are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

35.      Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate

that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

36.    The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable"). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA Standards for Accessible Design ("ADAS"), found at 28 C.F.R. Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), at Part 36, Appendix A.

37.    If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these alternative methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

38.    Plaintiff alleges that Defendants can easily remove the architectural barriers at their facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers because removal was readily

FIRST AMENDED COMPLAINT

achievable.  There are companies in the area which can repaint parking areas for as little as $350.  Defendants can afford such costs, which are a fraction of what Defendants receive in rental profits for such a large and expensive property.

39.    Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make the required services available through alternative methods which are readily achievable.

40.    On information and belief, the facility was modified after January 26, 1992, and must comply with accessibility requirements under the ADA.

41.    The ADA requires that facilities altered in a manner that affects or could affect their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. §12183(a)(2).

42.    Plaintiff alleges that Defendants altered the facilities at the Property in a manner that violated the ADA, and/or failed to make the Property readily accessible to physically disabled persons, including Plaintiff, to the maximum extent feasible.

43.    The ADA also requires reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications

FIRST AMENDED COMPLAINT

would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

44.     Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

45.     Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that he may pursue damages under California's Unruh Civil Rights Act.

46.     Here Defendants' failure to make sure that accessible facilities were available and ready to be used by Plaintiff was/is a violation of law.

47.     Plaintiff would like to continue to frequent Defendants' property because it is close to his home.  However, he is deterred from doing so because he has been discriminated against and is aware of accessibility barriers at the Property.

48.     Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with state and federal access laws, and remediation of all of the existing access violations at the Property.

//

//

//

//

19

FIRST AMENDED COMPLAINT

# V. SECOND CAUSE OF ACTION:  VIOLATION OF THE

# UNRUH CIVIL RIGHTS ACT

### (Cal. Civ. Code §§ 51-53)

(Against All Defendants)

49.    Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

50.    California Civil Code § 51 states, in part:  "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51.    California Civil Code § 51 also states, in part:  "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

52.    California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA into the Unruh Civil Rights Act (the "UCRA").

53.    The UCRA also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the UCRA.  Cal. Civ. Code § 51(f); *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

FIRST AMENDED COMPLAINT

54.     Defendants' above-mentioned acts and omissions have violated the UCRA by denying Plaintiff his rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disability.

55.     Defendants' above-mentioned acts and omissions have also violated the UCRA by denying Plaintiff his rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages.  *See* Cal. Civ. Code § 51(f), 52(a).

56.     Because violation of the UCRA resulted in difficulty, discomfort, and/or embarrassment for Plaintiff, Defendants are each also responsible for statutory damages, such as a civil penalty.  *See* Cal. Civ. Code § 55.56(a)(c).

57.     Plaintiff was (actually) damaged by Defendants' wrongful conduct. He seeks actual damages, and statutory minimum damages of four thousand dollars ($4,000) for each offense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.  Note: Plaintiff is not invoking section 55 of the California Civil Code, and is not seeking injunctive relief under the Disabled Persons Act.

2.  Damages under the Unruh Civil Rights Act, which provides for actual

damages and a statutory minimum of $4,000 per each offense.

3.  Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205, and Cal. Civ. Code § 52.

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED:  November 9, 2020      THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:     /s/ Anoush Hakimi, Esq.
ANOUSH HAKIMI, ESQ.
Attorney for Plaintiff, James Shayler

22

FIRST AMENDED COMPLAINT