Anoush Hakimi (State Bar No. 228858)
*anoush@handslawgroup.com*
Peter Shahriari (State Bar No. 237074)
*peter@handslawgroup.com*
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler,<br><br>      Plaintiff,<br><br>   v.<br><br>S & E 786 Enterprise, LLC, a California Limited Liability Company; and Does 1-10,<br><br>      Defendants. | Case No.: 2:20-cv-06383-SVW-PVC<br><br>Hon. Stephen V. Wilson<br><br>**DECLARATION OF JAMES SHAYLER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  January 4, 2021<br>Time:  1:30 p.m.<br>Courtroom:  10A |

DECLARATION OF JAMES SHAYLER ISO PLAINTIFF'S MSJ

## DECLARATION OF JAMES SHAYLER

I, James Shayler, declare as follows:

1. I am over the age of eighteen, of sound mind, and capable of making this declaration. I am the Plaintiff in this action, wherein I have filed a Complaint for violations of the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act (UCRA). I make this declaration in support of Plaintiff's Motion for Summary Judgment.

2. I have knowledge of the matters contained herein, and they are true and correct of my own personal knowledge, except for those matters stated upon information and belief, and as to those matters, I believe them to be true and correct. If called and sworn as a witness, I could and would testify competently hereto.

3. I am a disabled person. I suffer from an acute pinched sciatic nerve, which causes my leg to give out at times. I have had two knee replacement surgeries. I have difficulty walking and standing, and I have limited range of movement in my legs.

4. I use a cane daily to help me walk. When my pain is especially bad, I use a walker instead. Sometimes my pain is so severe that I cannot be mobile, i.e., I cannot walk around at all.

5.  I have very limited use of my left arm as a result of an injury on the job as a firefighter years ago and the subsequent surgery. I also have arthritis.

6.  Considering my permanent disabilities, the State of California has issued me a permanent disabled person parking placard.

7.  Because I have severely impaired mobility, and rely on a walker or cane, I need ADA compliant routes of travel, parking, business interiors, and restroom facilities for full and equal access to public accommodations. Typically, the greater the slope (or the steeper the incline) in a walkway, the greater my difficulty in balancing and navigating my walker, and the greater the risk that I may fall.

8.  In August 2019, December 2019, and January 2020, I went to the property located at 3300 S. La Cienega Boulevard, Los Angeles, California 90016 (the "Property"). During my visits, I encountered the access barriers, conditions, and/or violations identified in my complaint. *See* ECF Doc. 23, First Amended Complaint (FAC) at ¶ 19; ECF Doc. 1, Compl. at ¶ 20.

9.  On the Property, there is a business called Chevron, including the Chevron gas station and the Chevron Food Mart ("the business"). I visited the business on three occasions, in August 2019, December 2019, and January 2020.

10. During my visits, I could not easily access the Property and/or the business. I had difficulty disembarking from the car, and walking/ maneuvering

DECLARATION OF JAMES SHAYLER ISO PLAINTIFF'S MSJ

around given the obstacles in the route(s) of travel at the property. *See* ECF Doc. 23, FAC at ¶¶ 19-22; ECF Doc. 1, Compl. at ¶¶ 20-23. I experienced difficulty, discomfort, and frustration. *See* ECF Doc. 23, FAC at ¶ 21; ECF Doc. 1, Compl. at ¶ 22.

11. I need to walk on a smooth surface without changes in level because I am at risk of tripping when I use my cane or walker. During my visits, the pavement was not smooth in the route connecting the sidewalk to the entrance of the Chevron Food Mart building. Also, the pavement was not smooth in the access aisle adjacent to the designated disabled parking space. There were also changes in level in the access aisle. I have been advised by my investigator that these conditions/issues remain.

12. I need full use of the access aisle and connecting route to the Chevron Food Mart building entrance because I use mobility devices. During my visits, there was clutter in the way, making it difficult for me to maneuver my mobility device(s) while walking from the access aisle to the building entrance. I have been advised by my investigator that this condition/issue remains.

13. I intend and plan to visit the Property again once the existing barriers to access are removed (i.e., once the existing ADA violations are remediated). The Property is conveniently located about ten (10) minutes from my home by car.

14. I presently remain deterred from visiting the Property because I am aware that access barriers (i.e., conditions in violation of the ADA) still exist.

15. I have reviewed the Declaration of Marc Friedlander, filed concurrently herewith, and am aware of the access barriers (i.e., non-compliant conditions) he found during his inspection on October 21, 2020.

16. The non-compliant conditions Mr. Friedlander observed, including with regard to the designated disabled parking space and access aisle, and the ground in front of the air/water machine, constitute barriers to access for disabled persons such as myself.

17. Because I use a walker, it is difficult for me to get out of my car, unload my walker, and ambulate with the assistance of my walker when I am on a sloping surface. It is difficult for me to traverse excess slopes in the designated disabled parking space, the adjacent access aisle, and the ground in front of the air/water machine.

18. It would be difficult for me to traverse the access aisle given the severe change in level created by the hole in the ground, which poses a tripping hazard, especially for cane/ walker users like me.

19. I am also at risk of tripping on the mats outside and inside the store, which are not secured to the ground.

20. Furthermore, my walker cannot fit through the aisles inside the Chevron Food Mart when the placement of the product displays causes the aisles to be too narrow.

21. Moreover, the higher grab bar in the restroom inside the Chevron Food Mart makes it more difficult for me to use the restroom.

22. Once the remaining violations have been remediated, making the Property safe for me, I plan to visit again to patronize the Chevron gas station and Chevron Food Mart.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: November 30, 2020

*/s/ James Shayler*
James Shayler