Anoush Hakimi (State Bar No. 228858)
anoush@handslawgroup.com
Peter Shahriari (State Bar No. 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S & E 786 Enterprise, LLC, a California Limited Liability Company; and Does 1-10,<br><br>　　　　Defendants. | Case No.: 2:20-cv-06383-SVW-PVC<br><br>Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference: January 13, 2021<br>Time:　　　　　　　3:00 p.m.<br><br>Complaint Filed:　　July 17, 2020<br>Trial Date:　　　　　January 19, 2021 |

Pursuant to Local Rule 16-4, Plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

## I. PRELIMINARY STATEMENT

Plaintiff, James Shayler, ("Plaintiff") is a disabled individual with severe leg and arm issues. He has difficulty walking and standing because of his acute pinched sciatic nerve, which causes his leg to give out at times, and causes limited range of motion in his legs. He also has limited use of his left arm following an injury on the job and subsequent surgery. Plaintiff uses a cane daily to help him walk. When the pain is especially severe, Plaintiff uses a walker instead. Because his mobility is severely impaired, Plaintiff needs ADA-compliant parking, routes of travel, business interiors, and restroom facilities. If a surface has a slope, there is a greater likelihood that he will fall because he has difficulty balancing and navigating his walker. Considering his disabilities, the State of California has issued him a permanent disabled person parking placard.

Defendant, S & E 786 Enterprise, LLC ("Defendant") has owned the property located at 3300 S. La Cienega Blvd., Los Angeles, CA 90016 ("the Property") at all relevant times thereto. Plaintiff visited the Property in August 2019, December 2019, and January 2020, in an effort to visit the Chevron business thereon, which includes a gas station and food mart ("Chevron Food Mart"). He had difficulty disembarking from the car, and walking/ maneuvering around given

the obstacles in the route(s) of travel at the property. Plaintiff needs to walk on smooth pavement because he requires a cane or walker. Specifically, the pavement was not smooth in the route connecting the sidewalk to the entrance of the Chevron Food Mart building. The access aisle had damaged pavement and changes in level. There was also clutter in the way of the route from the access aisle to the Chevron Food Mart building entrance, making it difficult for Plaintiff to maneuver his mobility device(s).

Plaintiff filed his Complaint on July 17, 2020, alleging violations of the ADA and the UCRA. In the Complaint, Plaintiff pled violations related to parking, accessible paths of travel, and signage.

On October 21, 2020, Plaintiff's investigator visited the Property and identified several additional violations, including: slopes in excess of two percent (2%) in the designated disabled parking space and adjacent access aisle; slopes in excess of five percent (5%) in the route of travel; failure to provide the minimum number of accessible designated disabled parking spaces (considering the excess slopes in the designated disabled parking space); unattached mats inside and outside of the building; restroom side wall grab bar positioned too high; and lack of clear aisles in the building.

Following the identification of the additional violations, Plaintiff moved to amend his complaint. The Court granted Plaintiff's motion on November 30,

2020. Plaintiff filed the First Amended Complaint ("FAC") on November 30, 2020.

Plaintiff is aware of the additional violations observed by his investigator, and presently remains deterred from visiting the Property because he is aware that access barriers still exist. He has significant concerns about his ability to disembark from his vehicle, unload his walker, and ambulate at the Property given the non-compliant slopes in the designated disabled parking space, adjacent access aisle, and in front of the air/water machine. He uses a cane or a walker, so he faces a tripping hazard given the hole in the ground in the access aisle. His cane or walker can easily catch on unsecured mats. He is also concerned about the narrow aisles inside the Chevron Food Mart building, and his ability to fit through the aisles with his walker. He feels that he cannot safely use the restroom when the toilet side wall grab bar is placed too high off the floor. Thus, although he would like to return to the Property, he feels that he cannot do so until the existing violations have been remediated, making it safe for him to visit again. The Property is conveniently located about ten (10) minutes from his house by car, and he plans and intends to visit again once the existing barriers to access are removed.

## II. PLAINTIFF'S CLAIMS

Claim 1: Violation of the Americans with Disabilities Act of 1990 ("ADA")

***Elements***

(1) Plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) Defendant owns, leases, or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) Defendant discriminated against Plaintiff within the meaning of the ADA. Plaintiff will prove discrimination if (a) Defendant's facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) Plaintiff encountered the architectural barriers, precluding his full and equal access to the facility, entitling him to relief [42 U.S.C. § 12188(a)].

***Key Evidence***

1. The testimony of Plaintiff James Shayler;
2. The testimony of Marc Friedlander;
3. The testimony of Jafar Rashid;
4. Plaintiff's Complaint;
5. Defendant's Answer to Complaint;
6. Plaintiff's First Amended Complaint;

7. Photographs of the Property, taken by Marc Friedlander on October 21, 2020;

8. Copy of Plaintiff's Disability parking placard;

9. Copy of Plaintiff's redacted medical record;

10. Copy of the Property Deed;

11. Copy of the Articles of Organization of a Limited Liability Company for S & E 896 Enterprise, LLC filed March 26, 2014 with the Secretary of State of the State of California;

12. Copy of the Statement of Information (Limited Liability Company) for S & E 896 Enterprise, LLC filed May 3, 2016 with the Secretary of State of the State of California; and

13. Copy of the Secretary of State Statement of No Change (Limited Liability Company) for S & E 896 Enterprise, LLC filed November 14, 2019 with the Secretary of State of the State of California.

Claim 2: Violation of the Unruh Civil Rights Act (Cal. Civ. §§ 51-53)

Any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act. Cal. Civ. § 51(f). Thus, the elements and evidence for Claim 2 are identical to that of Claim 1.

Anticipated Evidentiary Issues

None at this time.

Anticipated Issues of Law

None at this time.

### III. BIFURCATION OF ISSUES

The Court previously issued an order bifurcating the ADA and UCRA claims.  *See* ECF Doc. 18.

### IV. JURY TRIAL

Plaintiff has demanded jury.

### V. ATTORNEYS' FEES

Attorneys' fees are recoverable under the ADA.  Plaintiff anticipates filing a motion for attorneys' fees.

### VI. ABANDONMENT OF ISSUES

Plaintiff will retain all claims raised in his First Amended Complaint.

Dated:  January 4, 2021                THE LAW OFFICE OF HAKIMI & SHAHRIARI


By:   */s/ Anoush Hakimi*
        Anoush Hakimi, Esq.
        Attorneys for Plaintiff, James Shayler