UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING [24] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

### I. Introduction

Plaintiff James Shayler ("Plaintiff") filed a complaint in this lawsuit on January 4, 2020, against S & E 786 Enterprises, LLC ("Defendant"). Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").

Before the Court is Plaintiff's motion for summary judgment. For the below reasons, Plaintiff's motion is GRANTED.

### II. Factual and Procedural Background

Plaintiff is a disabled individual with severe leg and arm issues. Dkt. 24-3 ("Shayler Decl.") at ¶¶ 3–6. Plaintiff's disability limits his range of motion in his legs and left arm, and he uses a cane to help him walk or a walker if his pain is severe. *Id.* Defendant owns and operates a food mart in Los Angeles. Dkt. 24-2 ("Friedlander Decl.") at ¶ 2.

Plaintiff visited Defendant's store in August 2019, December 2019, and January 2020. Shayer Decl. at ¶ 9. Plaintiff experienced difficulty exiting his vehicle and walking around the parking lot due to the imbalanced pavement. *Id.* at ¶ 10. The access aisle next to the handicapped parking spot was also imbalanced, and the path from the access aisle to the food mart's entrance allegedly contained

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

clutter.  *Id.* at ¶ 11.

Plaintiff filed his complaint on July 17, 2020.  Dkt. 1.  After filing an amended complaint on November 30, 2020, Dkt. 23, Plaintiff filed the instant motion for summary judgment on December 1, 2020, Dkt. 24.

### III.    Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

Here, Defendant did not oppose Plaintiff's summary judgment motion.  Nevertheless, a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.  *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–1495, n. 4 (9th Cir. 1994); *see also* Fed. R. Civ. P. 56, advisory committee note of 2010 ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . .").  The Court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

### IV. Analysis

To succeed on claims under the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."  *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010)."

The Court finds that no genuine issues of material fact exist and Plaintiff is entitled to judgment as a matter of law.

First, it is undisputed that Plaintiff is disabled within the meaning of the ADA. Under the ADA, disability is defined as (a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment.  *See* 42 U.S.C. § 12102(1)"  A "major life activit[y]" includes "performing manual tasks . . . walking, standing, lifting, [and] bending," among others.  *Id.* at § 12102(2)(a).

Here, Plaintiff presented evidence that he is a disabled individual with severe leg and arm issues. Shayler Decl. at ¶¶ 3–6.  Plaintiff's disability limits his range of motion in his legs and left arm, and he uses a cane to help him walk or a walker if his pain is severe.  *Id.*  Accordingly, no reasonable juror could find that Plaintiff is not disabled.

Second, it is undisputed that Defendant is a private entity that operates a place of public accommodation.  Specifically, Defendant owns the property at 3300 S. La Cienega Blvd., Los Angeles, California, 90016.  Defendant's Answer to Complaint at ¶¶ 2–3, 10.  At that property is a food mart and gas station that is open to the public.  *Id.*  Accordingly, no reasonable juror could find that Defendant is not a private entity or does not own and operate a place of public accommodation.

Third, as explained below, no genuine issue of material fact exists regarding Defendant's denial of public accommodations to Plaintiff as a result of Plaintiff's disability.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

    To determine if Plaintiff suffered an "architectural barrier," courts rely on the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012). These guidelines are promulgated as the "ADA Standards for Accessible Designs" (hereinafter "2010 ADA"). "Any element in a facility that does not meet or exceed the requirements set forth in the [2010 ADA] is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice).

    Plaintiff asserts that the following barriers resulted in a denial of public accommodations:

- Poor pavement condition, including holes and cracks on the pavement;

- Excessive slopes on the pavement, parking spaces, and access aisle;

- Building interior barriers, including narrow aisles, and loose floor mats;

- Restroom grab bars that are too high; and

- Crates, brooms, and other clutter obstructing the path from the access aisle adjacent to the disabled parking space to the entrance of the food mart.

Mot. at 19–25.

    Plaintiff's investigator submitted a sworn declaration regarding her findings and attached images of the barriers as exhibits. Dkt. 24-4 ("Friedlander Decl."). The declaration and images establish that no genuine issue of material fact exists regarding three of the five alleged barriers.

    First, Plaintiff's investigator states that "there is no accessible route linking the public sidewalks to the Chevron Food Mart building entrance because the pavement is cracked and damaged." *Id.* at ¶ 5. Under the 2010 ADA, floor and ground surfaces must be stable, firm, and slip-resistant. 2010 ADA § 302.1. However, Plaintiff's supporting images show cracked and damaged pavement limiting the accessibility from the sidewalk. Dkt. 24-7.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | |
|  |  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

Second, Plaintiff's investigator observed that the pavement is riddled with excessive slopes. Under the 2010 ADA, the slope of walking surfaces shall not be steeper than 5%, and the slope of parking surfaces shall not exceed 2%. *See* 2010 ADA §§ 403.3, 502.4. Plaintiff's investigator measured a slope of walking surfaces as high as 6.8% at certain points and the slope of parking surfaces as high as 3.5% at certain points. Friedlander Decl. at ¶¶ 7–9. Supporting images confirm those measurements. *See* Dkts. 24-9, 24-10, 24-11.

Third, Plaintiff's investigator observed barriers inside the food mart as well. Under the 2010 ADA, (1) carpets or mats must be "securely attached" to the floor, 2010 ADA § 302.2, and (2) interior pathways must have a minimum clearance width of 36 inches continuously or, in some circumstances, 32 inches, 2010 ADA § 403.5. Plaintiff's investigator observed loose mats at the entrance to the food mart and an indoor clearance width of 29 inches for one of the aisles. Friedlander Decl. at ¶¶ 14–15. Supporting images confirm those measurements.

Accordingly, there is no genuine issue of material fact that the following barriers exist:

- Poor pavement condition, including holes and cracks on the pavement;

- Excessive slopes on the pavement, parking spaces, and access aisle; and

- Building interior barriers, including narrow aisles, and loose floor mats.

As to these three barriers, Plaintiff encountered some and is aware of others, thereby deterring him from visiting the food mart. Shayler Decl. at ¶¶ 14–21. Accordingly, Plaintiff is entitled to summary judgment on his ADA claim for these three barriers. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 (9th Cir. 2008)

However, the evidence provided in support of the remaining allegations is insufficient to award relief for those alleged barriers.

First, Plaintiff alleges that the grab bars in the restroom are too low. Plaintiff's investigator measured the grab bar at 36 inches above the floor. Friedlander Decl. at ¶ 16. However, under the

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

2010 ADA, 36 inches is an acceptable height.  *See* 2010 ADA § 609.4 ("Grab bars shall be installed in a horizontal position, 33 inches (840 mm) minimum and 36 inches (915 mm) maximum . . . ."). Accordingly, the restroom grab bars comply with the 2010 ADA.

Second, Plaintiff's investigator observed various items allegedly obstructing the route between the access aisle adjacent to the disabled parking spot and the entrance to the food mart, including crates, a bicycle, a broom, bags, and white poles.  Friedlander Decl. at ¶ 6.  However, Plaintiff's supporting images show that those items are not located in the access aisle, and there is ample pathway between the access aisle and the entrance to the food mart.  Dkt. 24-8.  Moreover, Plaintiff does not identify a standard under the 2010 ADA that applies to this allegation and instead cites to the 1991 ADA.  Under these circumstances, a genuine issue of material fact exists regarding whether the items near the access aisle constitute a barrier.

Accordingly, summary judgment is not warranted for these two barriers.

**V.     Relief**

The only remedy available under the ADA is injunctive relief.  *See* 42 U.S.C. § 12188(a)(1); 28 C.F.R. §§ 36.501, 36.505.  The injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA.  42 U.S.C. § 12188(a)(2).  Accordingly, the Court will order injunctive relief as detailed in the Conclusion below.

Having resolved all federal claims here, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claims.  *See* 28 U.S.C. § 1367(c)(3).

**VI.    Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED.  Defendant is ORDERED to:

1)  Repair the parking lot and all walking surfaces to ensure they comply with 2010 ADA §§

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6383-SVW-MAA | Date | January 4, 2021 |
|---|---|---|---|
| Title | *James Shayler v. S & E 786 Enterprise, LLC* | | |

302.1, 403.3, and 502.4;

2) Secure any loose mats on Defendant's premises in compliance with 2010 ADA § 302.2; and

3) Ensure that all pathways, exterior and interior, comply with the minimum clearance width under 2010 ADA § 403.5.

IT IS SO ORDERED.

:

Initials of Preparer

PMC